**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD L. COTTRILL, et al.,** | : | |
| Plaintiffs, | : | Case No. 2:09-cv-714 |
| v. | : | Judge Holschuh |
| **ALLSTATE INSURANCE CO., et al.,** | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Following an automobile accident, Plaintiffs Richard and Pamela Cottrill filed suit in the Court of Common Pleas of Perry County against Allstate Insurance Company ("Allstate") and Blue Cross Blue Shield of Michigan ("Blue Cross"). In addition to seeking damages against Allstate, Plaintiffs asked the court to declare the rights and obligations of the parties to the two insurance contracts. Blue Cross removed the case to federal court, alleging that Plaintiffs' claim against Blue Cross was completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). This matter is currently before the Court on Plaintiffs' motion to remand the case to state court. (Doc. 7).

**I.    Background and Procedural History**

On July 10, 2007, Plaintiff Richard Cottrill was injured in an automobile accident caused by Timothy Ratliff. Cottrill suffered serious injuries and incurred roughly $91,153.97 in medical bills. Ratliff's insurance company, Progressive Insurance, paid the policy limit of $12,500. At the time of the accident, Cottrill had an automobile insurance policy through Allstate. It provided underinsured motorist ("UIM") coverage of up to $100,000 per person and $300,000 per accident.

Cottrill demanded that Allstate pay $87,500, the policy limit minus the $12,500 paid by Progressive. Allstate advanced only $10,000, and eventually offered Cottrill just $15,000 to settle the claim. Cottrill declined the offer. At the time of the accident, Cottrill was also covered under an employer-sponsored group health insurance plan with Blue Cross. Blue Cross paid $23,240.66 toward Cottrill's medical bills and then asserted subrogation rights pursuant to the terms of the plan.

On July 9, 2009, Richard Cottrill and his wife, Pamela Cottrill, filed suit in the Court of Common Pleas of Perry County. They asked the court to enforce their rights against Allstate with respect to the UIM claim, and to declare that Allstate had breached its contractual obligations. Plaintiffs also sought compensatory and punitive damages and prejudgment interest against Allstate based on Allstate's alleged failure to negotiate in good faith on the value of the UIM claim, and Allstate's alleged bad faith in failing to properly handle and respond to the UIM claim, failing to make a timely payment of the remaining UIM limits, and failing to timely respond to correspondence on the claim.

Plaintiffs also sought a declaratory judgment concerning Blue Cross's subrogation rights under the terms of the medical benefits plan. Plaintiffs contend that because Allstate's policy limits are insufficient to make them whole, Blue Cross is barred under Ohio law from siphoning the proceeds of any future settlement or jury verdict obtained by Plaintiffs against Allstate. Blue Cross timely removed the case to federal court, arguing that because Plaintiffs seek a determination of rights under an employer-sponsored health plan, Plaintiffs' state law claim against Blue Cross is preempted by ERISA. Plaintiffs filed a motion to remand the case to state court, arguing that the claim is not preempted by ERISA and that removal was improper.

2

## II. Motion to Remand

At issue in this case is whether Plaintiffs' claim against Blue Cross, seeking declaratory relief under state law, falls within the scope of ERISA's civil enforcement provision, making removal proper. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts have original jurisdiction over cases that arise under federal law. See 28 U.S.C. § 1331. Generally, a cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). The fact that federal pre-emption may be raised as a defense normally does not justify removal to federal court.

There is, however, an important exception to the well-pleaded complaint rule. In some circumstances, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Id. at 63-64. In this narrow class of cases, the state claims are recharacterized as federal claims, making removal proper. Id. at 65. State law claims that fall within the scope of ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), fall within this category. Id. at 66. Section 1132(a) provides, in pertinent part:

> A civil action may be brought--
>
> (1)    by a participant or beneficiary--
> (A) for the relief provided for in subsection (c) of this section, or
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2)    by the Secretary, or by a participant, beneficiary or fiduciary

3

>     for appropriate relief under section 1109 of this title;
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. § 1132(a).

Blue Cross removed the case to federal court, arguing that Plaintiffs' declaratory judgment action against Blue Cross falls within the scope of § 1132(a)(3) because it is a "claim for determination of rights under an employer sponsored health plan." (Notice of Removal at 1).[1] Federal courts have exclusive jurisdiction over claims under § 1132(a)(3). See 29 U.S.C. § 1132(e)(1). Blue Cross therefore argues that removal "simply cured Plaintiffs' jurisdictional defect." (Mem. in Opp'n to Mot. to Remand at 1).

The burden of establishing federal jurisdiction rests upon Blue Cross as the removing party. See Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 948-49 (6th Cir. 1994). If there is any doubt about whether removal was proper, the court must remand the case. See Smith v. Nationwide Property & Cas. Ins. Co., 505 F.3d 401, 405 (6th Cir. 2007).

In order to prove that Plaintiffs' ERISA claim was properly removed, Blue Cross must prove that: (1) Plaintiffs have standing under § 1132(a) to pursue their claim; (2) their claim falls within the scope of an ERISA provision that they can enforce via § 1132(a); and (3) the claim must not be capable of resolution without an interpretation of an ERISA-governed employee benefit plan. See Huisjack v. Medco Health Solutions, Inc., 492 F. Supp.2d 839, 849 (S.D. Ohio 2007).

---

[1] Because Plaintiffs have already received all of the medical benefits to which they are entitled under the terms of the Blue Cross plan, § 1132(a)(1) is not applicable.

4

It is undisputed that the Blue Cross medical benefit plan is governed by ERISA and, as participants in that plan, Plaintiffs would be entitled to file suit under § 1132(a)(3). Plaintiffs contend, however, that their claim against Blue Cross, as properly construed, does not fall within the scope of that subsection. In Count 4 of the complaint, Plaintiffs allege that Blue Cross paid medical benefits under the terms of an employer-sponsored medical benefit plan which has a provision for subrogation. (Compl. ¶¶ 17-18). Plaintiffs seek a declaratory judgment concerning Blue Cross's right "to obtain subrogation from the proceeds of any settlement or jury verdict obtained by Plaintiffs against Defendant Allstate in light of the devastating injuries sustained by Plaintiff Richard Cottrill which are permanent in nature and may necessitate ongoing medical treatment." (Id. at ¶¶ 19-20). Plaintiffs further allege that because the limited proceeds available from Allstate cannot adequately compensate Richard for his injuries, Blue Cross's subrogation rights should be barred. (Id. at ¶ 21). In their motion to remand, Plaintiffs argue that they could not have brought this kind of claim under § 1132(a)(3). The Court agrees.

Subsection 1132(a)(3)(A) is inapplicable because Plaintiffs do not seek to "enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan." Since ERISA is completely silent on the topic of subrogation, see Bollman Hat Co. v. Root, 112 F.3d 113, 118 (3d Cir. 1997), Blue Cross's efforts to enforce its subrogation clause do not violate ERISA. Moreover, according to the complaint itself, the terms of the plan expressly provide for subrogation. Therefore, Plaintiffs cannot be seeking to enjoin any act or practice that violates the terms of the plan.

Subsection 1132(a)(3)(B) is also inapplicable since Plaintiffs do not seek "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Plaintiffs do not seek to redress violations of ERISA or of the

5

medical benefits plan. 29 U.S.C. § 1132(a)(3)(B)(i). As explained above, ERISA is silent on the subject of subrogation and the plan expressly grants Blue Cross subrogation rights. Nor do Plaintiffs seek to "enforce" any particular provision of ERISA or the terms of the medical benefits plan. In fact, they seek to bar enforcement of the terms of the plan, arguing that, under Ohio common law, Blue Cross cannot enforce its contractual subrogation rights until Plaintiffs have been "made whole."

Because Plaintiffs do not seek to enjoin violations of ERISA or the plan, and do not seek other equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the plan, they could not have filed suit under § 1132(a)(3). Because their claim against Blue Cross is not enforceable under that subsection, it is not completely preempted and was not properly removed.

Another case from within this district is illustrative. In Community Insurance Company v. Rowe, 85 F. Supp.2d 800 (S.D. Ohio 1999), two minors were injured in a car accident. Their mother reached a settlement with the tortfeasor's insurance company and filed an application in probate court for approval and apportionment of the settlement. She sought a declaratory judgment, arguing that the group health insurer that had paid the children's medical bills was not entitled to any of the settlement proceeds because, under Ohio law, the children had to be fully compensated for their injuries before the insurer was entitled to subrogation. The group health insurer removed the case to federal court, arguing that the matter involved a determination of the right to benefits under a plan governed by ERISA. The court disagreed. It remanded the case to the state court, concluding that the claim was not completely preempted by ERISA because the mother was not seeking to enforce the terms of the plan under § 1132(a)(3), but rather was seeking a declaration of the insurer's "rights
6

to subrogation under the general laws of Ohio." Id. at 816. See also McKandes v. Blue Cross and Blue Shield Assoc., 243 F. Supp.2d 380 (D. Md. 2003) (holding that remand was proper where plaintiff was not seeking to enforce her rights under the terms of the plan, but was instead arguing that the insurer's contractual right to subrogation was unenforceable under state law); Popoola v. MD-Individual Practice Assoc., 244 F. Supp.2d 577, 581 (D. Md. 2003) (same). As in these cases, Plaintiffs seek a determination that Blue Cross's contractual right to subrogation is unenforceable because it is contrary to state law.

Moreover, even if Plaintiffs' claim fell squarely within the scope of § 1132(a)(3), it would not necessarily be subject to complete preemption. In Warner v. Ford Motor Co., 46 F.3d 531, 534 (6th Cir. 1995), the Sixth Circuit held that the only ERISA claims subject to the complete preemption doctrine are those brought under § 1132(a)(1)(B). The Sixth Circuit later extended the doctrine to claims brought under § 1132(a)(2). See Smith v. Provident Bank, 170 F.3d 609, 613 (6th Cir. 1999). However, as the court noted in Rowe, "neither the Supreme Court nor the Sixth Circuit has extended the complete preemption doctrine to claims under § 1132(a)(3)." Rowe, 85 F. Supp.2d at 816.

The Court finds that Blue Cross has failed to prove that removal was proper. Because Plaintiffs' claim does not fall within the scope of ERISA's civil enforcement provision, it is not completely preempted by ERISA. The Court will therefore remand the case to the Perry County Court of Common Pleas.

**III. Conclusion**

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion (Doc. 7) and **REMANDS** this case to the Court of Common Pleas of Perry County.

**IT IS SO ORDERED.**

Date: October 30, 2009  /s/ **John D. Holschuh**
John D. Holschuh, Judge
United States District Court